UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIRLEY WISE,<br><br>                            Plaintiff,<br><br>- against -<br><br>AID TO THE DEVLEOPMENTALLY DISBALED INC. and ROBYN MCGEE as an aider and abettor,<br><br>                            Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT** |

Plaintiff, **SHIRLEY WISE**, by and through her attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. Sec 2000-e, *et seq.* (Title VII), the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296 and 297, *et seq.*, and other appropriate rules, regulations, statutes and ordinances.

### II. JURISDICTION AND VENUE

2. This Court maintains jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 42 USC § 2000e, *et seq.*

4. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and originally brought this action within ninety (90) days of the receipt of a Dismissal and Notice of Rights, issued by the EEOC on October 24, 2012; attached hereto as Exhibit "A".

### III. PARTIES

6. Plaintiff, **SHIRLEY WISE**, was at all times relevant herein, a domiciliary of the State of New York residing in the County of Suffolk.

7. At all times relevant to the complaint, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e (f) and a "person" within the meaning of Section 292(1) of the NYSHRL.

8. Upon information and belief, Defendant **AID TO THE DEVELOPMENTALLY DISABLED INC.** (hereinafter "Defendant ATTDD"), is a non-profit corporation organized and existing under the laws of the State of New York.

9. Upon information and belief, at all times relevant to the Complaint, Defendant ATTDD has been an "employer" within the meaning of 42 U.S.C. § 2000e (b) and Section 292(5) of the NYSHRL.

10. Defendant **ROBYN MCGEE** (hereinafter "Defendant McGee") is an employee of Defendant ATTDD, who is being sued in her individual capacity as an aider and abettor under NYSHRL§ 296(b).

11. Upon information and belief, at all times relevant herein, Defendant McGee is a "person" pursuant to Section 292(1) of the NYSHRL and a resident of the State of New York.

12. Upon information and belief, at all times relevant herein, Defendant ATTDD employs (15) or more employees.

## IV. FACTS

13. Plaintiff repeats and re-alleges each and every allegation contained herein.

14. Plaintiff is an African American female.

15. Plaintiff began her employment with Defendant ATTDD or about February, 2011 as a Direct Support Professional.

16. At all relevant times herein, Plaintiff performed her assigned duties in a satisfactory manner.

17. During her tenure, Plaintiff was subject to a series of racially motivated comments by her direct supervisor, Robyn McGee.

18. Specifically, in or about June 2011, Ms. McGee referred to herself as "so racist, she wouldn't drink dark soda" and threatened there would be "another hate crime Patchogue."

19. In or about April 2011, Plaintiff complained to the Director of Human Resources of Defendant ATTDD, Christine Knolls regarding Ms. McGee's inappropriate behavior.

20. Again, in or about June of 2011, Plaintiff complained to Ms. McGee's immediate supervisor, Sue Paranella and Christine Knolls, regarding Ms. McGee's racially derogatory comments.

21. Despite such compliants, neither Ms. Paranella nor Ms. Knolls failed to take any corrective action.

22. Shortly after Plaintiff's complaints, Plaintiff was passed over for a promotional opportunity for the position of Assistant Manager. Although Ms. Knolls had previously

informed Plaintiff that she would be interviewed for the position, Plaintiff was never offered any such interview despite having seventeen (17) years of related work experience in the field and seven (7) years of managerial experience.

23. Upon information and belief, that position was offered to Victoria "Doe", a white female, with no relevant experience.

24. Robyn McGee maintained a practice of subjecting African American employees to divergent terms and conditions of employment and disparate treatment. For example, Plaintiff's co-worker, Helen Gulf, a part-time Direct Support Professional was denied additional hours due to purported budget cuts, whereas, despite such alleged budget cuts, Ms. McGee created a part time position for a Caucasian female, Kayla "Doe," which was not a vacant position and was not advertised.

25. In or about June 2011, Plaintiff left Defendant's employ as she could no longer tolerate Defendants' racially discriminatory actions.

26. Based upon the foregoing actions, Plaintiff was discriminated against because of her race and retaliated against for engaging in statutorily protected activity.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Title VII - Race Discrimination)

27. Plaintiff repeats and re-alleges each and every allegation contained herein.

28. Defendants have discriminated against Plaintiff on the basis of her race in violation of Title VII, in that Defendants engaged in a course of conduct, which included, but was not limited to, subjecting Plaintiff to racially derogatory remarks, treating Plaintiff differently than non-African American employees and wrongfully denying Plaintiff a promotional

opportunity because of her race.

29. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, and other employment benefits.

30. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

31. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from Defendants in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(NYSHRL – Race Discrimination)

32. Plaintiff repeats and re-alleges each and every allegation contained herein.

33. Plaintiff has been discriminated against by Defendants on the basis of her race in violation of the NYSHRL, in that Defendants engaged in a course of conduct which included, but was not limited to, subjecting Plaintiff to racially derogatory remarks, treating Plaintiff differently than non-African American employees and wrongfully denying Plaintiff a promotional opportunity because of her race.

34. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses and other employment benefits.

35. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages and expenses.

36. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and compensatory damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
(Title VII -Retaliation)

37. Plaintiff repeats and re-alleges each and every allegation contained herein.

38. Plaintiff was retaliated against by Defendants on the basis of her lawful complaints regarding discriminatory treatment and the racially derogatory remarks of her supervisor Robyn McGee to which Plaintiff was subjected, as stated above, which collectively resulted in Defendant's failure to offer Plaintiff a promotional opportunity.

39. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

40. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of punitive and compensatory damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
(NYSHRL Retaliation)

41. Plaintiff repeats and re-alleges each and every allegation contained herein.

42. Plaintiff was retaliated against by Defendants on the basis of her lawful complaints regarding discriminatory treatment and the racially derogatory remarks of her supervisor

Robyn McGee to which Plaintiff was subjected, as stated above, which collectively resulted in Defendant's failure to offer Plaintiff a promotional opportunity.

43. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

44. As a further proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award compensatory damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(NYSHRL - Aider and Abettor)

45. Plaintiff repeats and realleges each and every allegation contained herein.

46. The foregoing acts were aided and abetted by, and with the full knowledge and consent of Defendant Robyn Mcgee in violation of Section 296(6) of the NYSHRL.

47. As a proximate result of Defendant Mcgee's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

48. As a further proximate result of Defendant Mcgee's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## VI. DEMAND FOR JURY TRIAL

49. Plaintiff repeats and re-alleges each and every allegation contained herein.

50. Plaintiff hereby demands a trial by jury.

---

**WHEREFORE**, as a result of the discriminatory conduct and actions of the Defendants herein alleged, Plaintiff demands:

a. On each Claim for Relief, ordering Defendants to pay Plaintiff front pay, and all benefits which would have been afforded Plaintiff but for said discrimination;

b. Enjoining Defendants, its agents, employees, officers, and successors in interest, from engaging in the illegal and unlawful customs, policies, and practices described herein;

c. Awarding Plaintiff compensatory and punitive damages, where applicable by statute, in an amount to be determined at trial;

d. Defendants be ordered to pay Plaintiff pre and post judgment interest;

e. Defendants be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

f. Awarding Plaintiff such other and further relief as the court deems just and proper.

Dated: Bohemia, New York
       November 20, 2012

                                            ZABELL & ASSOCIATES, PC
                                            *Attorneys for Plaintiff*

By: _____
        Saul D. Zabell, Esq.
        ZABELL & ASSOCIATES, P.C.
        1 Corporate Drive, Suite 103
        Bohemia, NY 11716
        Tel. (631) 589-7242
        Fax (631) 563-7475
        SZabell@laborlawsny.com

# EXHIBIT A

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Shirley Wise<br>63 Jeanatta Avenue<br>Mastic, NY 11901 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2011-02722 | Thomas Perez,<br>Investigator | (212) 336-3778 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_   10-24-12

Enclosures(s)

Kevin J. Berry,
District Director

(Date Mailed)

cc:  Christine Knolls
Director Human Resources
AID TO THE DEVELOPMENTALLY DISABLED INC.
901 East Main Street
Suite 508
Riverhead, NY 11901